(Rev. 02-19-16)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| OHIO VALLEY ELECTRIC CORPORATION, | ) ) ) | CASE NO. 5:18cv1251 |
| APPELLANT, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | **INITIAL STANDING ORDER (BANKRUPTCY APPEAL)** |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) | |
| APPELLEE. | ) | |

## I.   ELECTRONIC FILING

All attorneys are required to file electronically. Registration forms, training materials and tutorials are available on the court's website (www.ohnd.uscourts.gov). Parties must consult the Electronic Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

## II.   RULES GOVERNING

This case shall be governed by the Bankruptcy Rules for Appeals to District Court or Bankruptcy Appellate Panel, *see* Bankruptcy Rules 8001, *et seq.*, as well as the Local Rules for the Northern District of Ohio.

## III.   DOCUMENT FORMATTING

All documents filed in this action, whether electronically or by other means, shall comply with the formatting requirements of LR 10.1. Electronically-filed documents

(including exhibits, if possible) must be text-searchable. Nonconforming documents may be stricken, in the Court's discretion.

## IV. COURTESY COPIES

A courtesy copy of all briefs, including any exhibits, must be supplied to chambers no later than three (3) business days after the original is filed. (*See* Section VIII, below, for additional information regarding briefs.)

A courtesy copy of any motion, or any supporting or opposing brief, that exceeds thirty (30) pages (including exhibits) must also be supplied to chambers within three (3) business days after the original is filed.

Any courtesy copy must be an exact copy of the filed document, including the electronically-applied header on every page.

## V. EXHIBITS ACCOMPANYING BRIEFS OR MOTIONS

### A. Filing Exhibits in Support of a Document

When electronically filing exhibits in support of a main document, each exhibit shall be uploaded as a separate attachment to the main document and shall be identified with a description, not merely a number. For example, if the first exhibit consists of the affidavit of John Doe, the attachment should be identified as "Exhibit 1 - Affidavit of John Doe." Exhibits may not be bundled and filed in sections. For example, it will be considered non-compliant to file the first five exhibits together under the description "Exhibits 1 to 5" and the second five exhibits as "Exhibits 6 to 10."

### B. Filing Transcripts

When filing a transcript is appropriate, it shall be filed either separately or as an attachment to a main cover document styled as "Notice of Filing Transcript(s)." Each

volume of transcripts shall be identified with a description (e.g., Trial Transcript Vol. I pp. x to xxx [page range]; Sentencing Transcript; Deposition of John Doe).

**C.     Non-Conforming Filings**

Filers shall consult with the Office of the Clerk if uncertain how to properly file exhibits under the terms of this Order.

The Clerk is hereby authorized to forthwith (1) strike all non-conforming documents, (2) reflect the same by way of a public notation on the docket, and (3) notify counsel by e-mail of the need to refile according to the terms of this Order. Should refiling be required, the deadline for such refiling shall be exactly two (2) business days from the date and time of the Clerk's notation on the docket, as reflected on the electronic receipt of such notation.

**VI.     CITATIONS TO THE RECORD**

The header of every document in the electronic record of a case contains a "PageID #" in the upper right corner. Whenever possible, a filing that makes reference to other documents in the record, shall do so using that PageID #. For example, a reference might be: "Doc. No. 22 at 253" – where "253" is the Page ID #. For references to documents found only in the bankruptcy court record, page references shall be to the page number in the electronic footer of that document.

**VII.     FILING UNDER SEAL**

Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R. 5.2; Electronic Filing Policies and Procedures Manual § 16.

Should a sealing order be in effect (e.g., a protective order that permits sealing of confidential documents), the Court will expect the filing parties to be mindful that this is a

public forum. No protective order or other sealing order is blanket authority to file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document that is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to the relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name

of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be included in the sealed envelope.

Finally, the Court makes perfectly clear that, if and when a case where sealing is authorized comes on for hearing, argument or trial, the courtroom will not be sealed. Any and all documents and information that may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The hearing, argument, or trial will be public in all respects.

### VIII. BRIEFING

If determination of the issues presented requires reference to the Bankruptcy Code or other statutes, rules, regulations, or similar material, relevant parts thereof shall be reproduced as attachments to each brief or in a separately filed addendum.

All facts presented to the Court in any brief setting forth a party's position with respect to the issues must be supported by pinpoint citations to the case record. For example, it is *not* sufficient to say: "*See* Bankruptcy Court Order." Instead, the citation must be to a particular page or pages of the Order. Similarly, where case law is cited in support of a party's position, the citation must pinpoint the page in the opinion where the legal proposition being advanced is located.

### IX. MOTIONS

All motions shall be governed by Bankr. R. 8013, unless this Court specifically orders otherwise.

As noted in Rule 8013, motions will be decided without oral argument unless the Court orders otherwise. Should oral argument be required by the Court, a separate order will issue outlining the procedures to be followed.

## X. ORAL ARGUMENT

The Court will determine whether there is need for oral argument after examining the briefs and record. Any party may request oral argument by filing a statement setting forth the reason why oral argument should be allowed.

**IT IS SO ORDERED**.

Dated: June 4, 2018

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**